THE PEOPLE on the relation of James Elliott *vs.* THE COMMISSIONERS OF
HIGHWAYS OF GREENBUSH.

Where application is made to commissioners of highways for the laying out of a *private road*, it
is their duty to summon the required number of free-holders to view the land, and not to del-
egate the authority to another.

Where, however, freeholders were summoned by a *constable*, in compliance with a precept issued
by the commissioners, who when assembled were requested by the commissioners to act,
and acted accordingly, the court refused to quash the proceedings, it appearing that the party
through whose land the road was laid was present and did not *object* to the proceeding.

COMMON law certiorari. By the return it appeared that *John Hallenbake*,
on the 6th December, 1836, applied to the commissioners of highways of the
town of Greenbush, to lay out a private road, which for a part of the dis-
tance would pass over the lands of the applicant, and for the residue of the
distance over the lands of the relator. The relator had due notice of the
application, and of the proceedings thereon. The commissioners
on the same day issued *a warrant or summons, directed and de- [ *368 ]
livered to one of the constables of the town, reciting the applica-
tion and requiring him to summon twelve disinterested freeholders of the
town, and not of kin to the applicant or the relator, to meet, at a specified
place, on the 15th day of the same month, to certify on oath to the neces-
sity and propriety of the road applied for. At the specified time and place
the constable returned that he had summoned twelve freeholders, giving
their names—the freeholders appeared, and were requested by the commis-
sioners to serve as a jury upon the application—they were duly sworn, and
after having viewed, &c. they certified in due form that it was necessary and
proper to lay out the road. The relator was present, and made no objection
to either of the freeholders, nor to the mode of summoning them. The com-
missioners thereupon proceeded, and laid out the road.

*S. Dutcher & I. Harris*, for the relator, insisted that the commissioners
exceeded their authority in issuing process to a constable to summon the free-
holders ; that they should themselves have summoned, or at least designated
the freeholders ; and that in consequence of this irregularity the proceedings
were void, and the commissioners had no jurisdiction to lay out the road.

*S. Cheever*, contra.

*By the Court*, BRONSON, J. The statute provides, that whenever appli-
cation shall be made to the commissioners of highways for a private road,
*they shall summon* twelve disinterested freeholders of the town, to meet on
a day certain ; of which day, notice shall be given to the owner or occupant

of the land through which the road is proposed to be laid out.  The free-holders, when met and sworn, are to view the land, and determine whether the road is necessary.  1 *R. S.* 517, § 77, 78.  Although there does not seem to be any very good reason for requiring the commissioners themselves to summon the freeholders, instead of calling in the aid of some [ *369 ]        officer who usually performs such services, *yet the law is so written, and it must be obeyed.  But there was, I think, a substantial compliance with the requirements of the statute.  The freeholders were re-quested by the commissioners to serve as a jury upon the application.  This was a sufficient summoning.  Uhe statute does not require the commissioners to issue or have any process—it only requires them to summon the freehold-ers.  The fact that the freeholders had assembled under void process, did not disqualify them for acting when they were afterwards legally requested to do so ;  and by requesting them to act, the commissioners signified their approval of the freeholders as fully as they could have done in any other way.  The relator had notice, was present, and made no objection.  I think the road was well laid out.

Proceedings affirmed.